IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD

| | |
|---|---|
| TYRNEL ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> FLEMING INDUSTRIES, INC., dba Iron Duck, <br><br> Defendant. | Civil Action No. 05-30172-MAP |

## DEFENDANT'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S ORIGINAL COMPLAINT

### THE PARTIES

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

### JURISDICTION AND VENUE

3. This paragraph does not require a response.

4. This paragraph does not require a response.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits in part the allegations contained in Paragraph 6 of Plaintiff's Complaint; however, Plaintiff denies that any act of patent infringement has occurred in this judicial district pursuant to 1400(b).

### PATENT IN SUIT

278789.1

7. Defendant denies that the patent was legally issued to Steven L. Nelson ("Mr. Nelson") as the face of the Patent does not bear Mr. Nelson's name. Should Mr. Nelson have been named as an inventor of the Patent and was in fact not so named, then the validity of the Patent is called into question. Defendant admits that an assignment was recorded with the U.S. Patent and Trademark Office on the date asserted; however, Defendant lacks knowledge as to the legal effect of the Assignment.

## CONTRACT IN SUIT

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint. However, Defendant further asserts that Martin G. Tyrrell agreed that Defendant would market the Invention in catalogues relevant to consumers in the industry. Furthermore, both parties agreed that based upon consumer response, Defendant would decide whether it would sell the Invention and pay a royalty to Martin G. Tyrrell.

11. Defendant lacks knowledge sufficient to confirm or deny in part when Plaintiff hired an attorney. Defendant admits that the application for patent was filed on July 9, 2001 after which U.S. Patent No. 6,435,188 was issued on August 20, 2002. Defendant denies that the Patent issued to Mr. Nelson as Mr. Nelson's name does not appear on the face of the patent.

12. Defendant admits in part and denies in part the allegations contained in Paragraph 12 of Plaintiff's Complaint. More particularly, Defendant admits that an e-mail dated October 19, 2002 was sent to Defendant alleging patent infringement. However, Defendant denies that

numerous attempts were made to contact Defendant over the course of a two year period and in which Defendant failed to respond to such attempts at contact.

13. Defendant denies the first part of Paragraph 13 and admits the second part of the paragraph pertaining to Plaintiff's attorney's correspondence to Defendant which was dated December 11, 2002.

14. Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits that Plaintiff retained other counsel, but lacks sufficient knowledge to either admit or deny the allegations contained in the remainder of Paragraph 15 of Plaintiff's Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

### COUNT I
### (Direct Infringement)

18. This paragraph does not require a response.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

## COUNT II
### (Active Inducement of Infringement)

22. This paragraph does not require a response.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

## COUNT III
### (Contributory Infringement)

26. This paragraph does not require a response.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

## COUNT 4
### (Breach of Contract)

30. This paragraph does not require a response.

31. Defendant admits the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

## **FIRST DEFENSE**

33. Defendant does not infringe and has not infringed (either directly, contributorily or by inducement) any claim of the Patent.

## SECOND DEFENSE

34. Plaintiff is estopped, based on statements, representations and admissions made during prosecution of the patent application resulting in the Patent from asserting any interpretation of any of the patent claims that would be broad enough to cover any of Defendant's products.

## THIRD DEFENSE

35. The Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 102.

## FOURTH DEFENSE

36. The Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 103.

## FIFTH DEFENSE

37. The Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 112.

## SIXTH DEFENSE

38. The Patent is invalid due to failure to properly include the names of all of the inventors of the patented Invention.

## SEVENTH DEFENSE

39. The Patent is unenforceable by reason of laches, estoppel, and unclean hands.

## FIRST COUNTERCLAIM

### The Parties

40. Counterclaim Plaintiff Tyrnel Enterprises, Inc. ("Tyrnel") is a Massachusetts corporation having a principal place of business at 841 Crescent Street, East Bridgewater, Massachusetts 02333-1609.

41. Counterclaim Defendant Fleming Industries, Inc. dba Iron Duck ("Fleming") is a Massachusetts corporation having a principal place of business at 20 Veterans Drive, Chicopee, Massachusetts, 01022.

### Jurisdiction

42. This counterclaim arises under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under 35 U.S.C. §§ 271, *et seq.*, and 28 U.S.C. §§ 1331, 1338, 2201-2202.

43. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

### Count I

### Declaratory Relief Regarding Non-infringement

44. Based on Plaintiff's filing of this suit and Defendant's First and Second Defenses, an actual controversy has arisen and now exists between the parties as to whether Defendant's products infringe the Patent.

45. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fleming requests the declaration of the Court that its products do not infringe any claim of the Patent, either directly, contributorily, or by inducement.

### Count II

### Declaratory Relief Regarding Invalidity

46. Based on Plaintiff's filing of this suit and Defendant's Third, Fourth, Fifth, and Sixth Defenses, an actual controversy has arisen and now exists as to the validity of the claims in the Patent.

47. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fleming requests the declaration of the Court that the claims of the Patent are invalid.

## Count III

### Declaratory Relief Regarding Unenforceability

48. Based on Plaintiff's filing of this suit and Defendant's Seventh Defense, an actual controversy has arisen and now exists as to the enforceability of the Patent.

49. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fleming requests the declaration of the Court that the claims of the Patent are unenforceable.

### Prayer for Relief

Fleming respectfully requests a judgment against Tymel as follows:

A. A declaration that Fleming's products do not infringe the Patent;

B. A declaration that the Patent is invalid;

C. A declaration that the Patent is unenforceable;

D. That the Court enter judgment against Plaintiff and in favor of Fleming and that the Complaint be dismissed with prejudice;

E. That the Court award Fleming costs and attorney's fees incurred in this action; and

F. Further relief as the Court may deem just and proper.

### JURY DEMAND

Defendant hereby demands trial by jury on all issues.

Respectfully submitted,

THE DEFENDANT,
FLEMING INDUSTRIES, INC., dba Iron Duck

By: /s/ Deborah A. Basile
Its attorney: Deborah A. Basile

## CERTIFICATE OF SERVICE

I, Deborah A. Basile, do hereby certify that I have caused a copy of the foregoing to be served upon the parties by mailing same first class mail, postage pre-paid, to: Robert Salter, 321 South Main Street, 5th Floor, Providence, RI 02903, and to Harris K. Weiner, Law Office of Jeffrey B. Pine, P.C., 321 South Main Street Suite 302, Providence, RI 02903.

Dated: 08/17/2005

/s/ Deborah A. Basile

Deborah A. Basile
BBO No. 549281
Doherty, Wallace, Pillsbury & Murphy, P.C.
One Monarch Place, Suite 1900
1414 Main Street
Springfield, MA 01144-1900