**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**SPRINGFIELD**

TYRNEL ENTERPRISES, INC.,

        Plaintiff,

        v.

Civil Action No. 05-30172-MAP

FLEMING INDUSTRIES, INC., d/b/a Iron
Duck,

        Defendant.

FILED
IN CLERK'S OFFICE

2005 OCT 25 P 4: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

**DEFENDANT'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT**

**THE PARTIES**

1.    Defendant admits that the Plaintiff is an entity organized under the laws of the

Commonwealth of Massachusetts and that it has a place of business as alleged in Paragraph

1 of Plaintiff's Amended Complaint, but the Defendant denies the remaining allegations

contained therein.

2.    Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Amended

Complaint.

**JURISDICTION AND VENUE**

3.    Paragraph 3 does not require a response; to the extent a response is required, the Defendant

denies the allegations contained in Paragraph 3 of the Plaintiff's Amended Complaint.

4.    Paragraph does not require a response; to the extent a response is required, the Defendant

denies the allegations contained in Paragraph 4 of the Plaintiff's Amended Complaint.

5.   Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6.   Defendant admits in part the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint; however, Plaintiff denies that any act of patent infringement has occurred in this judicial district pursuant to 1400(b).

## PATENT IN SUIT

7.   Defendant admits that alleged patent bears title, number and date referenced in Paragraph 7 of the Plaintiff's Amended Complaint, and that it identifies Martin G. Tyrell as the "Inventor", and further admits that an assignment was recorded with the U.S. Patent and Trademark Office on the date asserted; however, Defendant lacks knowledge as to the legal effect of the Assignment; answering further, the Defendant denies the remaining allegations contained in Paragraph 7 of the Plaintiff's Amended Complaint.

## CONTRACT IN SUIT

8.   Defendant admits that the document annexed to the Plaintiff's Amended Complaint as Exhibit B was signed by Martin G. Tyrell and Brooke Lawrence on March 29, 2000, but denies the remaining allegations contained in Paragraph 8 of the Plaintiff's Amended Complaint; answering further, the Defendant states that said document speaks for itself.

## FACTUAL ALLEGATIONS

9.   Defendant admits that the document annexed to the Plaintiff's Amended Complaint as Exhibit B was signed by Martin G. Tyrell and Brooke Lawrence on March 29, 2000, and that Mr. Tyrell and Mr. Lawrence discussed the possible sale and marketing of the alleged invention of Mr. Tyrell, but denies the remaining allegations contained in Paragraph 9 of

the Plaintiff's Amended Complaint; answering further, the Defendant states that said document speaks for itself.

10.    Defendant admits that Mr. Lawrence and Mr. Tyrell discussed the potential marketing of the alleged "invention" to ascertain if there was any commercial viability to the so-called "invention", that Martin G. Tyrrell agreed that Defendant would market the alleged "invention" in catalogues relevant to consumers in the industry, and both parties agreed that based upon consumer response, Defendant would decide whether it would include the alleged "invention" in its product line and, if so, would discuss payment of a royalty to Martin G. Tyrrell; answering further, the Defendant denies the remaining allegations contained in Paragraph 10 of the Plaintiff's Amended Complaint.

11.    Defendant lacks knowledge sufficient to confirm or deny in part when Plaintiff hired an attorney as alleged in Paragraph 11 of the Plaintiff's Amended Complaint. Defendant admits that the application for patent was filed on July 9, 2001, after which the U.S. Patent Office issued U.S. Patent No. 6,435,188 on August 20, 2002; answering further, the Defendant denies that said patent was properly issued and further denies that it is valid.

12.    Defendant admits Martin Tyrell sent an e-mail dated October 19, 2002 to the Defendant threatening litigation and alleging that certain products were being marketed "in violation of my patent", but the denies the remaining allegations contained in Paragraph 12 of the Plaintiff's Amended Complaint; answering further, the Defendant avers that the threat of litigation by Mr. Tyrell was in bad faith, frivolous and constitutes an unfair and deceptive act and/or practice in the conduct of business, in violation of the law; answering further, the Defendant repeats its denial that the Plaintiff or Martin G. Tyrell had, at any time material hereto, a valid patent or that the Defendant infringed upon or otherwise violated

287086.1

the patent and/or contractual rights of any party, including the Plaintiff and Martin G. Tyrell; answering further, the Defendant denies that numerous attempts were made to contact Defendant over the course of a two year period and in which Defendant failed to respond to such attempts at contact.

13. Defendant admits that the document annexed to the Plaintiff's Amended Complaint was sent to it, but denies that it was sent on behalf of the Plaintiff in the within action and/or on behalf of the Plaintiff, as alleged in Paragraph 13 of the Plaintiff's Amended Complaint, but denies the remaining allegations contained therein; answering further, the Defendant states that said document speaks for itself..

14. Defendant denies that the document annexed to the Amended Complaint is an "infringement letter", but that said letter speaks for itself; the Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint that it sent a document to Attorney McGonagle denying conducting activity alleged by Attorney McGonagle, and that said document speaks for itself.

15. Defendant admits that Plaintiff is represented by counsel different than the attorney that represented Mr. Tyrell, but lacks sufficient knowledge to either admit or deny the allegations regarding the activities of counsel contained in the remainder of Paragraph 15 of Plaintiff's Complaint; answering further, the Defendant denies that any action on its part constitutes or constituted at any time an infringement on any patent owned by the Plaintiff, and repeats its denial that the Plaintiff or Martin G. Tyrell had, at any time material hereto, a valid patent or that the Defendant infringed upon or otherwise violated the patent and/or contractual rights of any party, including the Plaintiff and Martin G. Tyrell;

287086.1                                                                                                    4

16.    Defendant admits that the document annexed to the Plaintiff's Amended Complaint as Exhibit F was sent to it as alleged in Paragraph 16 of the Plaintiff's Amended Complaint; and answering further, states that said document speaks for itself.

17.    Defendant admits that the document annexed to the Plaintiff's Amended Complaint as Exhibit G was sent to it as alleged in Paragraph 17 of the Plaintiff's Amended Complaint; and answering further, states that said document speaks for itself.

**COUNT I**
**(Direct Infringement)**

18.    The Defendant restates and incorporates by reference its responses to Paragraphs 1 through 17 of the Plaintiff's Amended Complaint in answer to Paragraph 18 of the Plaintiff's Amended Complaint.

19.    Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint; answering further the Defendant denies that any action on its part constitutes or constituted at any time an infringement on any patent owned by the Plaintiff, and repeats its denial that the Plaintiff or Martin G. Tyrell had, at any time material hereto, a valid patent or that the Defendant infringed upon or otherwise violated the patent and/or contractual rights of any party, including the Plaintiff and Martin G. Tyrell.

20.    Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint; Defendant denies that any action on its part constitutes or constituted at any time an infringement on any patent owned by the Plaintiff, and repeats its denial that the Plaintiff or Martin G. Tyrell had, at any time material hereto, a valid patent or that the Defendant infringed upon or otherwise violated the patent and/or contractual rights of any party, including the Plaintiff and Martin G. Tyrell.

21.    Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Amended
       Complaint; answering further, the Defendant denies that any action on its part constitutes
       or constituted at any time an infringement on any patent owned by the Plaintiff, and
       repeats its denial that the Plaintiff or Martin G. Tyrell had, at any time material hereto, a
       valid patent or that the Defendant infringed upon or otherwise violated the patent and/or
       contractual rights of any party, including the Plaintiff and Martin G. Tyrell.

### COUNT II
### (Active Inducement of Infringement)

22.    The Defendant restates and incorporates by reference its responses to Paragraphs 1
       through 21 of the Plaintiff's Amended Complaint in answer to Paragraph 22 of the
       Plaintiff's Amended Complaint.

23.    Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint;
       answering further, the Defendant denies that any action on its part constitutes or
       constituted at any time an infringement on any patent owned by the Plaintiff and/or
       Martin G. Tyrell, and/or an inducement to others to infringe any patent owned by the
       Plaintiff and/or Martin G. Tyrell, and repeats its denial that the Plaintiff or Martin G.
       Tyrell had, at any time material hereto, a valid patent or that the Defendant infringed
       upon or otherwise violated the patent and/or contractual rights of any party, including the
       Plaintiff and Martin G. Tyrell.

24.    Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Amended
       Complaint; answering further, the Defendant denies that any action on its part constitutes
       or constituted at any time an infringement on any patent owned by the Plaintiff and/or
       Martin G. Tyrell, and/or an inducement to others to infringe any patent owned by the
       Plaintiff and/or Martin G. Tyrell, and repeats its denial that the Plaintiff or Martin G.

Tyrell had, at any time material hereto, a valid patent or that the Defendant infringed upon or otherwise violated the patent and/or contractual rights of any party, including the Plaintiff and Martin G. Tyrell.

25.   Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint; answering further, the Defendant denies that any action on its part constitutes or constituted at any time an infringement on any patent owned by the Plaintiff and/or Martin G. Tyrell, and/or an inducement to others to infringe any patent owned by the Plaintiff and/or Martin G. Tyrell, and repeats its denial that the Plaintiff or Martin G. Tyrell had, at any time material hereto, a valid patent or that the Defendant infringed upon or otherwise violated the patent and/or contractual rights of any party, including the Plaintiff and Martin G. Tyrell.

**COUNT III**
**(Contributory Infringement)**

26.   The Defendant restates and incorporates by reference its responses to Paragraphs 1 through 21 of the Plaintiff's Amended Complaint in answer to Paragraph 22 of the Plaintiff's Amended Complaint.

27.   Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint; answering further, the Defendant denies that any action on its part constitutes or constituted at any time an infringement on any patent owned by the Plaintiff and/or Martin G. Tyrell, and/or an inducement to others to infringe any patent owned by the Plaintiff and/or Martin G. Tyrell, and repeats its denial that the Plaintiff or Martin G. Tyrell had, at any time material hereto, a valid patent or that the Defendant infringed upon or otherwise violated the patent and/or contractual rights of any party, including the Plaintiff and Martin G. Tyrell.

28.    Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Amended

Complaint; answering further, the Defendant denies that any action on its part constitutes

or constituted at any time an infringement on any patent owned by the Plaintiff and/or

Martin G. Tyrell, and/or an inducement to others to infringe any patent owned by the

Plaintiff and/or Martin G. Tyrell, and repeats its denial that the Plaintiff or Martin G.

Tyrell had, at any time material hereto, a valid patent or that the Defendant infringed

upon or otherwise violated the patent and/or contractual rights of any party, including the

Plaintiff and Martin G. Tyrell.

29.    Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Amended

Complaint; answering further, the Defendant denies that any action on its part constitutes

or constituted at any time an infringement on any patent owned by the Plaintiff and/or

Martin G. Tyrell, and/or an inducement to others to infringe any patent owned by the

Plaintiff and/or Martin G. Tyrell, and repeats its denial that the Plaintiff or Martin G.

Tyrell had, at any time material hereto, a valid patent or that the Defendant infringed

upon or otherwise violated the patent and/or contractual rights of any party, including the

Plaintiff and Martin G. Tyrell.

**COUNT 4**
**(Breach of Contract)**

30.    The Defendant restates and incorporates by reference its responses to Paragraphs 1

through 29 of the Plaintiff's Amended Complaint in answer to Paragraph 30 of the

Plaintiff's Amended Complaint.

31.    Defendant denies that the Plaintiff was in existence on March 29, 2000 or that the

Plaintiff was present through any agent, servant, and or employee on said date or that the

287086.1                                                                                          8

Plaintiff was or is a party to the document referenced and alleged in Paragraph 31 of the Plaintiff's Amended Complaint; answering further, the Defendant admits that on March 29, 2000 it was requested by Martin G. Tyrell to review a device he brought with him to the Defendant's facility, and to then determine if any of the Defendant's customers might have an interest in buying any aspect of that device; but the Defendant denies any remaining allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32.    Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint; answering further, the Defendant denies that it ever had any business with the Plaintiff Tyrnel Enterprises, Inc. as alleged in the Complaint and that no consideration was exchanged for any alleged contract; the Defendant further denies that any action on its part constitutes or constituted at any time a breach of any contract or an infringement on any patent owned by the Plaintiff and/or Martin G. Tyrell, and/or an inducement to others to infringe any patent owned by the Plaintiff and/or Martin G. Tyrell, and repeats its denial that the Plaintiff or Martin G. Tyrell had, at any time material hereto, a valid patent or that the Defendant infringed upon or otherwise violated the patent and/or contractual rights of any party, including the Plaintiff and Martin G. Tyrell.

## FIRST DEFENSE

33.    Defendant does not infringe and has not infringed directly, contributorily or by inducement any claim of the alleged Patent.

## SECOND DEFENSE

34.    Plaintiff is estopped, based on statements, representations and admissions made during prosecution of the patent application resulting in the alleged Patent from asserting any

287086.1

interpretation of any of the patent claims that would be broad enough to cover any of Defendant's products.

## THIRD DEFENSE

35.     The alleged Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 102.

## FOURTH DEFENSE

36.     The alleged Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 103.

## FIFTH DEFENSE

37.     The alleged Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 112.

## SIXTH DEFENSE

38.     The alleged Patent is invalid due to failure to properly include the names of all of the inventors of the patented Invention.

## SEVENTH DEFENSE

39.     The alleged Patent is unenforceable by reason of laches, estoppel, *in pari delecto* and unclean hands.

## EIGHTH DEFENSE

40.     The Plaintiff has failed to state a claim upon which relief can be granted and its Complaint must be dismissed.

## NINTH DEFENSE

41.    The Plaintiff lacks standing to bring this action and its Compliant must be dismissed.

## TENTH DEFENSE

42.    The Plaintiff has waived any and all claims asserted in its Complaint and any actions by

the Defendant with respect to the Plaintiff's alleged "invention" were taken with the

knowledge and authority of, the permission of, and or the assent of, the Plaintiff and/or its

successor in interest, were lawful and commercially reasonable within the scope of the

permission and/or authority granted.

## ELEVENTH DEFENSE

43.    The Plaintiff's Complaint is entirely frivolous, without merit, brought in bad faith for

improper and vexatious motives, is an unlawful scheme, constitutes an unlawful act or

practice and attempt at a restraint of trade, all in violation of the laws of the United States

and the Commonwealth of Massachusetts, and the Complaint must be dismissed.  The

Defendant reserves the right to move for an award of costs and legal fees incurred in

defending this action and responding to the Plaintiff's improper claims.

## TWELFTH DEFENSE

44.    The Plaintiff has failed to commence this action within the time required by the

statutes of limitations and laws made and provided therefore, and the Complaint must be

dismissed.

## THIRTEENTH DEFENSE

45.    The Plaintiff's Complaint must be dismissed due to lack of privity of contract and failure

of, absence of and/or inadequate consideration.

## FIRST COUNTERCLAIM

### The Parties

1.   Counterclaim Defendant Tyrnel Enterprises, Inc. ("Tyrnel") is a Massachusetts

corporation having a principal place of business at 841 Crescent Street, East Bridgewater,

Massachusetts 02333-1609.

2.   Counterclaim Plaintiff Fleming Industries, Inc. d/b/a Iron Duck ("Fleming") is a

Massachusetts corporation, duly organized and existing,  having a principal place of

business at 20 Veterans Drive, Chicopee, Massachusetts, 01022.

### Jurisdiction

3.   This counterclaim arises under the patent laws of the United States, Title 35, United

States Code.  The jurisdiction of this Court is proper under 35 U.S.C. §§ 271, *et seq.*, and

28 U.S.C. §§ 1331, 1338, 2201-2202.

4.   Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

### Count I

### Declaratory Relief Regarding Non-infringement

5.   Based on Plaintiff's filing of this suit and Defendant's First and Second Defenses, an

actual controversy has arisen and now exists between the parties as to whether the alleged

Patent is valid and if so, whether Defendant's products infringe the Patent.

6.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fleming

requests the declaration of the Court that if the alleged Patent is valid, its products do not

infringe any claim of the Patent, either directly, contributorily, or by inducement.

### Count II

287086.1

### Declaratory Relief Regarding Invalidity

7.    Based on Plaintiff's filing of this suit and Defendant's Third, Fourth, Fifth, and Sixth
      Defenses, an actual controversy has arisen and now exists as to the validity of the claims
      in the alleged Patent.

8.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fleming
      requests the declaration of the Court that the claims of the alleged Patent are invalid.

### Count III

### Declaratory Relief Regarding Unenforceability

9.    Based on Plaintiff's filing of this suit and Defendant's Seventh Defense, an actual
      controversy has arisen and now exists as to the enforceability of the alleged Patent.

10.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fleming
      requests the declaration of the Court that the claims of the alleged Patent are
      unenforceable.

### PRAYER FOR RELIEF

   **Wherefore,** Fleming respectfully requests a judgment against Tyrnel as follows:

A.    A declaration that Fleming's products do not infringe the Patent;

B.    A declaration that the Patent is invalid;

C.    A declaration that the Patent is unenforceable;

D.     That the Court enter judgment against Plaintiff and in favor of Fleming and that
       the Complaint be dismissed with prejudice;

E.    That the Court award Fleming costs and attorney's fees incurred in this action; and

F.    Further relief as the Court may deem just and proper.

## JURY DEMAND

Defendant hereby demands trial by jury on all issues.

### THE DEFENDANT,

FLEMING INDUSTRIES, INC., dba Iron Duck

By:

John J. McCarthy, Esq.
BBO No. 328280
Doherty, Wallace, Pillsbury & Murphy, P.C.
One Monarch Place, Suite 1900
1414 Main Street
Springfield, MA 01144-1900
(413) 733-3111
(413) 734-3910 [FAX]
jmccarthy@dwpm.com

### *CERTIFICATE OF SERVICE*

I, John J. McCarthy, do hereby certify that I have caused a copy of the foregoing to be served upon the parties by mailing same first class mail, postage pre-paid, to: Robert Salter, 321 South Main Street, 5th Floor, Providence, RI 02903, and to Harris K. Weiner, Law Office of Jeffrey B. Pine, P.C., 321 South Main Street Suite 302, Providence, RI 02903.

Dated: 10/25/2005

John J. McCarthy, Esq.
BBO No. 328280
Doherty, Wallace, Pillsbury & Murphy, P.C.
One Monarch Place, Suite 1900
1414 Main Street
Springfield, MA 01144-1900
(413) 733-3111
(413) 734-3910 [FAX]
jmccarthy@dwpm.com

287086.1