FILED
IN CLERK'S OFFICE
2006 APR 17 A 9: 44
U.S. DISTRICT COURT
DISTRICT OF MASS.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## SPRINGFIELD

| | | |
|---|---|---|
| TYRNEL ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action # 05-30172-MAP |
| | ) | |
| FLEMING INDUSTRIES, INC., dba Iron Duck, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff moves for an Order compelling Defendant to produce documents and answers to interrogatories responsive to the Plaintiff's discovery requests. Copies of the discovery requests and the Defendant's responses and objections thereto are attached. Defendant refuses to supply the requested information absent a Court Order.

Plaintiff maintains that the outstanding requests seek relevant and admissible information or information reasonably calculated to lead to the discovery of admissible evidence.

This is a patent infringement action. The remedies for infringement under the patent act consist of injunctive relief pursuant to 35 U.S.C. § 283 and damages adequate to compensate the Plaintiff in an amount no less than what would constitute a reasonable royalty, which

1

damages can be trebled when appropriate. 35 U.S.C. § 284. Moreover, attorneys' fees and

costs are available under certain circumstances. 35 U.S.C. § 284, 285. The successful patent

infringement Plaintiff is also entitled to interest. <u>General Motors Corp. v. Devex Corp.</u>, 461

U.S. 648 (1983).

With respect to the Defendant's inadequate responses, the Defendant withheld answers based

on the following boilerplate language:

> "This Interrogatory seek information that is irrelevant, immaterial, and
> inadmissible for purposes of discovery and/or trial, and is not reasonable [sic] calculated to
> lead to the discovery of relevance [sic] material and/or admissible evidence. This
> Interrogatory is also overbroad and interposed solely for the purpose of harassment.
>
> Fleming further objects in that some or all of the information requested constitutes
> proprietary, sensitive and confidential business materials and information, owned by Fleming
> and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or
> possess, and the provision of any such information would result in material harm to Fleming
> and the conduct of its business. Fleming further asserts that the Plaintiff has not made any
> showing of need for any such information, has not shown that any such information is
> relevant, material and/or admissible, and Fleming will not provide any such information
> without an Order of a Court of competent jurisdiction."

This objection, together with similar boilerplate language in the Defendant's general

objection, has been raised to Interrogatories 4, 6, 7, 8 and 9 which the Defendant refused to

answer. The objection is inappropriate for several reasons. Interrogatory 4 calls for

identification of component suppliers and supply records relevant to the infringement of the

Plaintiff's head and back immobilization system; Interrogatory 6 calls for sales information

about backboards sold by the Defendant relevant to Plaintiff's damages; Interrogatory 7

relates to Defendant's marketing and is relevant to infringement and damages; Interrogatory 8

calls for sales information relevant to damages; Interrogatory 9 calls for sales information

relevant to damages. Consequently, the Defendant's repeated objection related to alleged irrelevancy, immateriality, and inadmissibility must be rejected as the Interrogatories are calculated to lead to the discovery relevant, material and admissible evidence. Further, these Interrogatories are neither overbroad nor designed to harass. They seek readily available information.

The second paragraph of Defendant's repeated objection assumes that the Plaintiff is a competitor of the Defendant. This is wholly inaccurate as the Plaintiff is an inventor and patent holder of a product for which the **Defendant** contends there is no market. It is axiomatic in an intellectual property dispute of this nature, that the relevant information regarding damages is in the possession of the defendant infringer. This information is highly relevant and unavailable from other sources. The Plaintiff has a need for this information that can only be obtained from the Defendant itself. Sales information is necessary to establish a reasonable royalty.

The Defendant has not made a showing that this information is proprietary or privileged. However, to the extent that the Court may determine that such information is entitled to a degree of protection, the Plaintiff will not object to a reasonable confidentiality provision limiting the use of the information so long as it can be introduced at trial to enable the fact finder to establish infringement and/or damages.

With respect to the Production of Documents, Responses 4, 5, 8, 9, 10, 11, 12 and 13 are

inadequate. Request 4 calls for sales information regarding backboards, neck stabilization systems and/or back stabilization systems sold by the Defendant and its affiliates during the past five years. In response the Defendant objected with language similar to the above quoted boilerplate objection. This information is discoverable for the reason cited above. Request Number 5 asks for communications with third parties regarding backboards, neck stabilization systems and/or back stabilization systems for the past five years and was greeted with the same boilerplate objection which is likewise inappropriate for the reasons stated above. Requests 8, 9 and 10 related to patent and patent-related activity which are relevant to infringement. Request Number 11 relates to intellectual property challenges to the Defendant and is discoverable to the extent that it does not infringe on the attorney-client privilege. Request Number 12 relates to relates to costs associated with production of the infringing backboard, is highly relevant, easily obtainable and discoverable. Request Number 13 relates to the costs of supplies and components and is highly relevant, easily obtainable and discoverable.

The foregoing demonstrates that Plaintiff's discovery requests were properly tailored under Rule 26 and that the Plaintiff has a need for this information which is readily available to the Defendant. For these reasons, Plaintiff respectfully requests an Order compelling the Defendant to produce the demanded discovery within ten days.

4

Respectfully submitted,
Tyrnel Enterprises, Inc.,
By its Attorneys:

Harris K. Weiner, Esq. (BBO # 551981)
Law Office of Jeffrey B. Pine, Esq. PC
321 South Main St., Ste 302
Providence, RI  02903
401/351-8200 – Telephone
401/351-9032 - Facsimile

## CERTIFICATION

I, the undersigned, hereby certify that on this  13th  day of April 2006, I mailed a true copy of the foregoing *Memorandum of Law in Support of Plaintiff's Motion to Compel Discovery* to John J. McCarthy, Esq., Doherty, Wallace, Pillsbury & Murphy, P.C., One Monarch Place, Suite 1900, 1414 Main Street, Springfield, MA 01144-1900.

Leslie A. Luciano

5

# THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## SPRINGFIELD

TYRNEL ENTERPRISES, INC.,                )
                                         )
        Plaintiff,                       )
                                         )
       v.                               )     Civil Action # 05-30172-MAP
                                         )
FLEMING INDUSTRIES, INC., d/b/a Iron Duck, )
                                         )
        Defendant.                       )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**Objection:**    Fleming Industries, Inc., d/b/a Iron Duck, (Fleming) will not be bound by any instructions, definitions, directions or any other similar items which precede, or contain within, or which follow Tyrnel Enterprises, Inc.'s (Tyrnel) Request for Production of Documents. Fleming will respond to the Request for Production of Documents in accordance with Fed.R.Civ.P. 26, Fed. R.Civ.P. 34 and the applicable Local Rules and any order of the Court.

        Fleming has conducted a good faith investigation in an effort to provide responses to this request for production that are as complete as possible.  These responses are complete and accurate, upon Fleming's information, knowledge and belief, and provide all relevant, material and admissible documents in its possession, custody and control, which are non-privileged, not confidential and/or proprietary materials. Fleming reserves the right to supplement these responses, when and if additional, relevant, material, admissible and non-privileged, not confidential and/or proprietary documents become known by it and/or are discovered by it.

        Fleming further objects in that some or all of the documents requested constitute proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess, and the production of any such documents would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the

293707.1

Plaintiff has not made any showing of need for any such documents or things, has not shown that any such documents are relevant, material and/or admissible, and Fleming will not produce any such documents and/or things without an Order of a Court of competent jurisdiction.

Fleming has not produced documents which were created by, on behalf of, at the request of, under the supervision of, and/or at the direction of Fleming's attorneys, in preparation for, and in anticipation of, this litigation and/or which reflect or disclose the mental processes of Fleming's attorneys, which materials constitute attorney work product and are otherwise subject to the attorney/client privilege, are confidential and not subject to discovery.

Fleming will not respond to any request that seeks to have Fleming draw a legal conclusion with respect to any of the documents or tangible items sought in these requests.

Fleming further objects to Tyrnel's Request for Production of Documents as being onerous, overbroad and constituting an abuse of discovery and Fleming has no obligation to respond and Fleming specifically reserves its rights, pursuant to the Federal Rules of Civil Procedure to refuse to respond to some or all of these requests and/or to seek appropriate relief from the Court.

**Without waiving any of these objections, and subject thereto, Fleming responds to the Request for Production of Documents as set forth below.**

1. Any and all documents related to communications with Martin Tyrell, Tyrnel Enterprises, Inc. or any of its agents, officers and/or employees.

**RESPONSE:**

**Objection.** This request is unduly burdensome, overbroad, and not reasonably limited by time and/or scope. Objecting further, this request seeks documents and/or things that are irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, is not reasonably calculated to lead to the discovery of relevant, material and/or or admissible evidence. Fleming further objects to this request to the extent that it is duplicative of other written discovery to which Fleming has responded and has been interposed solely

for the purposes of harassment and is an abuse of discovery. Fleming also objects to the extent that this request seeks documents which were created or prepared by, at the direction of, at the request of, under the supervision of and/or on behalf of attorneys for Fleming, in anticipation of and/or in preparation for litigation, and as such, are confidential, constitute attorney work product, are subject to the attorney/client privilege, and are not subject to discovery.

Fleming further objects in that some or all of the documents requested constitute proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess, and the production of any such documents would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such documents or things, has not shown that any such documents are relevant, material and/or admissible, and Fleming will not produce any such documents and/or things without an Order of a Court of competent jurisdiction.

Without waiving said objection and subject thereto, Fleming is conducting a good faith investigation to determine if any documents exist that have not previously been provided to the Defendant and that would be responsive to this request.

Other than documents previously produced, Fleming has not located additional documents and further believes that any specific documents requested in this request, not previously produced, were not maintained in the ordinary course of Fleming's business at the time of the request. Fleming reserves the right to supplement this response as and when appropriate.

2. Any and all documents related to Martin Tyrell or Tyrnel Enterprises, Inc.

**RESPONSE**

**Objection.** This request is unduly burdensome, overbroad, and not reasonably limited by time and/or scope. Objecting further, this request seeks documents and/or things that are irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, is not reasonably calculated to lead to the discovery of relevant, material and/or or admissible

evidence. Fleming further objects to this request to the extent that it is duplicative of other written discovery to which Fleming has responded and has been interposed solely for the purposes of harassment and is an abuse of discovery. Fleming also objects to the extent that this request seeks documents which were prepared by, at the direction of, at the request of, under the supervision of and/or on behalf of attorneys for Fleming, in anticipation of and/or in preparation for litigation, and as such, are confidential, constitute attorney work product, are subject to the attorney/client privilege, and are not subject to discovery.

Fleming further objects in that some or all of the documents requested constitute proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess, and the production of any such documents would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such documents or things, has not shown that any such documents are relevant, material and/or admissible, and Fleming will not produce any such documents and/or things without an Order of a Court of competent jurisdiction.

Without waiving said objection and subject thereto, Fleming is conducting a good faith investigation to determine if any documents exist that have not previously been provided to the Defendant and that would be responsive to this request. Other than documents previously produced, Fleming has not located additional documents and further believes that any specific documents requested in this request, not previously produced, were not maintained in the ordinary course of Fleming's business at the time of the request. Fleming reserves the right to supplement this response as and when appropriate.

3. Any and all catalogues, advertisements, promotional literature, and email distributed by Defendant or any of its affiliates containing backboard, neck stabilization systems and/or back stabilization systems for the past five years.

**RESPONSE**

**Objection.** This request is unduly burdensome, overbroad, and not reasonably limited by time and/or scope. Objecting further, this request seeks documents and/or things that are irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, is not reasonably calculated to lead to the discovery of relevant, material and/or or admissible evidence. Fleming further objects to this request to the extent that it is duplicative of other written discovery to which Fleming has responded and has been interposed solely for the purposes of harassment and is an abuse of discovery. Fleming also objects to the extent that this request seeks documents which were prepared by, at the direction of, at the request of, under the supervision of and/or on behalf of attorneys for Fleming, in anticipation of and/or in preparation for litigation, and as such, are confidential, constitute attorney work product, are subject to the attorney/client privilege, and are not subject to discovery.

Fleming further objects that some or all of the documents requested constitute proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess, and the production of any such documents would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such documents or things, has not shown that any such documents are relevant, material and/or admissible, and Fleming will not produce any such documents and/or things without an Order of a Court of competent jurisdiction.

Without waiving said objection and subject thereto, please see attached catalogues. Fleming is conducting a good faith investigation to determine if any documents exist that have not previously been provided to the Defendant and that would be responsive to this request. Other than documents previously produced, Fleming has not located additional documents and further believes that any specific documents requested in this request, not previously produced, were not maintained in the ordinary course of Fleming's business at the time of the request. Fleming reserves the right to supplement this response as and when appropriate.

293707.1

5

4. Any and all documents related to sales of backboards, neck stabilization systems and/or back stabilization systems sold by Defendant and its affiliates during the past five years.

**RESPONSE**

**Objection.** This request is unduly burdensome, overbroad, and not reasonably limited by time and/or scope. Objecting further, this request seeks documents and/or things that are irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, is not reasonably calculated to lead to the discovery of relevant, material and/or or admissible evidence. Fleming further objects to this request to the extent that it is duplicative of other written discovery to which Fleming has responded and has been interposed solely for the purposes of harassment and is an abuse of discovery. Fleming also objects to the extent that this request seeks documents which were prepared by, at the direction of, at the request of, under the supervision of and/or on behalf of attorneys for Fleming, in anticipation of and/or in preparation for litigation, and as such, are confidential, constitute attorney work product, are subject to the attorney/client privilege, and are not subject to discovery.

Fleming further objects in that some or all of the documents requested constitute proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess, and the production of any such documents would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such documents or things, has not shown that any such documents are relevant, material and/or admissible, and Fleming will not produce any such documents and/or things without an Order of a Court of competent jurisdiction.

5. Any and all communications by or to the Defendant from third parties concerning backboards, neck stabilization systems and/or back stabilization systems during the past five years.

**RESPONSE**

**Objection.** This request is unduly burdensome, overbroad, and not reasonably limited by time and/or scope. Objecting further, this request seeks documents and/or things that are

1  irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, is not
2  reasonably calculated to lead to the discovery of relevant material and/or or admissible
3  evidence. Fleming further objects to this request to the extent that it is duplicative of
4  other written discovery to which Fleming has responded and has been interposed solely
5  for the purposes of harassment and is an abuse of discovery. Fleming also objects to the
6  extent that this request seeks documents which were prepared by, at the direction of, at
7  the request of, under the supervision of and/or on behalf of attorneys for Fleming, in
8  anticipation of and/or in preparation for litigation, and as such, are confidential, constitute
9  attorney work product, are subject to the attorney/client privilege, and are not subject to
10  discovery.

11      Fleming further objects in that some or all of the documents requested constitute
12  proprietary, sensitive and confidential business materials and information, owned by
13  Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view,
14  examine and/or possess, and the production of any such documents would result in
15  material harm to Fleming in the conduct of its business. Fleming further asserts that the
16  Plaintiff has not made any showing of need for any such documents or things, has not
17  shown that any such documents are relevant, material and/or admissible, and Fleming
18  will not produce any such documents and/or things without an Order of a Court of
19  competent jurisdiction.

20

21  6. Any and all internal communications by the Defendant and its affiliates concerning
22     backboards, neck stabilization systems and/or back stabilization systems during the past
23     five years.

24  **RESPONSE**

25  **Objection.** This request is unduly burdensome, overbroad, and not reasonably limited by
26  time and/or scope. Objecting further, this request seeks documents and/or things that are
27  irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, is not
28  reasonably calculated to lead to the discovery of relevant material and/or or admissible
29  evidence. Fleming further objects to this request to the extent that it is duplicative of
30  other written discovery to which Fleming has responded and has been interposed solely
   for the purposes of harassment and is an abuse of discovery. Fleming also objects to the

extent that this request seeks documents which were prepared by, at the direction of, at the request of, under the supervision of and/or on behalf of attorneys for Fleming, in anticipation of and/or in preparation for litigation, and as such, are confidential, constitute attorney work product, are subject to the attorney/client privilege, and are not subject to discovery.

Fleming further objects in that some or all of the documents requested constitute proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess, and the production of any such documents would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such documents or things, has not shown that any such documents are relevant, material and/or admissible, and Fleming will not produce any such documents and/or things without an Order of a Court of competent jurisdiction.

Without waiving said objection and subject thereto, see attached catalogues. Fleming is conducting a good faith investigation to determine if any documents exist that have not previously been provided to the Defendant and that would be responsive to this request. Other than documents previously produced, Fleming has not located additional documents and further believes that any specific documents requested in this request, not previously produced, were not maintained in the ordinary course of Fleming's business at the time of the request. Fleming reserves the right to supplement this response as and when appropriate.

7. Any and all contracts entered into by the Defendant related to products offered by it for sale.

**RESPONSE**

**Objection.** This request is unduly burdensome, overbroad, and not reasonably limited by time and/or scope. Objecting further, this request seeks documents and/or things that are irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, is not reasonably calculated to lead to the discovery of relevant material and/or or admissible

evidence. Fleming further objects to this request to the extent that it is duplicative of other written discovery to which Fleming has responded and has been interposed solely for the purposes of harassment and is an abuse of discovery. Fleming also objects to the extent that this request seeks documents which were prepared by, at the direction of, at the request of, under the supervision of and/or on behalf of attorneys for Fleming, in anticipation of and/or in preparation for litigation, and as such, are confidential, constitute attorney work product, are subject to the attorney/client privilege, and are not subject to discovery.

Fleming further objects in that some or all of the documents requested constitute proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess, and the production of any such documents would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such documents or things, has not shown that any such documents are relevant, material and/or admissible, and Fleming will not produce any such documents and/or things without an Order of a Court of competent jurisdiction.

8. Any and all patents held by the Defendant or its affiliates.

**RESPONSE**

**Objection.** This request is unduly burdensome, overbroad, and not reasonably limited by time and/or scope. Objecting further, this request seeks documents and/or things that are irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, is not reasonably calculated to lead to the discovery of relevant material and/or or admissible evidence. Fleming further objects to this request to the extent that it is duplicative of other written discovery to which Fleming has responded and has been interposed solely for the purposes of harassment and is an abuse of discovery. Fleming also objects to the extent that this request seeks documents which were prepared by, at the direction of, at the request of, under the supervision of and/or on behalf of attorneys for Fleming, in anticipation of and/or in preparation for litigation, and as such, are confidential, constitute

1     attorney work product, are subject to the attorney/client privilege, and are not subject to

2     discovery.

3            Fleming further objects in that some or all of the documents requested constitute

4     proprietary, sensitive and confidential business materials and information, owned by

5     Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view,

6     examine and/or possess, and the production of any such documents would result in

7     material harm to Fleming in the conduct of its business. Fleming further asserts that the

8     Plaintiff has not made any showing of need for any such documents or things, has not

9     shown that any such documents are relevant, material and/or admissible, and Fleming

10     will not produce any such documents and/or things without an Order of a Court of

11     competent jurisdiction.

12

13   9. Any and all communications related to patents applied for by the Defendant and its

14      affiliates.

15     **RESPONSE**

16     **Objection.** This request is unduly burdensome, overbroad, and not reasonably limited by

17     time and/or scope. Objecting further, this request seeks documents and/or things that are

18     irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, is not

19     reasonably calculated to lead to the discovery of relevant material and/or or admissible

20     evidence. Fleming further objects to this request to the extent that it is duplicative of

21     other written discovery to which Fleming has responded and has been interposed solely

22     for the purposes of harassment and is an abuse of discovery. Fleming also objects to the

23     extent that this request seeks documents which were prepared by, at the direction of, at

24     the request of, under the supervision of and/or on behalf of attorneys for Fleming, in

25     anticipation of and/or in preparation for litigation, and as such, are confidential, constitute

26     attorney work product, are subject to the attorney/client privilege, and are not subject to

27     discovery.

28            Fleming further objects in that some or all of the documents requested constitute

29     proprietary, sensitive and confidential business materials and information, owned by

30     Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view,

examine and/or possess, and the production of any such documents would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such documents or things, has not shown that any such documents are relevant, material and/or admissible, and Fleming will not produce any such documents and/or things without an Order of a Court of competent jurisdiction.

10. Any and all communications with the United States Patent and Trademark Office by the Defendant over the past five years.

**RESPONSE**

**Objection.** This request is unduly burdensome, overbroad, and not reasonably limited by time and/or scope. Objecting further, this request seeks documents and/or things that are irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, is not reasonably calculated to lead to the discovery of relevant, material and/or or admissible evidence. Fleming further objects to this request to the extent that it is duplicative of other written discovery to which Fleming has responded and has been interposed solely for the purposes of harassment and is an abuse of discovery. Fleming also objects to the extent that this request seeks documents which were prepared by, at the direction of, at the request of, under the supervision of and/or on behalf of attorneys for Fleming, in anticipation of and/or in preparation for litigation, and as such, are confidential, constitute attorney work product, are subject to the attorney/client privilege, and are not subject to discovery.

Fleming further objects in that some or all of the documents requested constitute proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess, and the production of any such documents would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such documents or things, has not shown that any such documents are relevant, material and/or admissible, and Fleming

1    will not produce any such documents and/or things without an Order of a Court of

2    competent jurisdiction.

3

4    11. Any and all communications internally and with third parties regarding alleged or

5    potential infringement of the intellectual property of the Defendant and/or its affiliates for

6    the past five years.

7    **RESPONSE**

8    **Objection.**  This request is unduly burdensome, overbroad, and not reasonably limited by

9    time and/or scope.  Objecting further, this request seeks documents and/or things that are

10   irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, is not

11   reasonably calculated to lead to the discovery of relevant material and/or or admissible

12   evidence. Fleming further objects to this request to the extent that it is duplicative of

13   other written discovery to which Fleming has responded and has been interposed solely

14   for the purposes of harassment and is an abuse of discovery. Fleming also objects to the

15   extent that this request seeks documents which were prepared by, at the direction of, at

16   the request of, under the supervision of and/or on behalf of attorneys for Fleming, in

17   anticipation of and/or in preparation for litigation, and as such, are confidential, constitute

18   attorney work product, are subject to the attorney/client privilege, and are not subject to

19   discovery.

20          Fleming further objects in that some or all of the documents requested constitute

21   proprietary, sensitive and confidential business materials and information, owned by

22   Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view,

23   examine and/or possess, and the production of any such documents would result in

24   material harm to Fleming in the conduct of its business.  Fleming further asserts that the

25   Plaintiff has not made any showing of need for any such documents or things, has not

26   shown that any such documents are relevant, material and/or admissible, and Fleming

27   will not produce any such documents and/or things without an Order of a Court of

28   competent jurisdiction.

29

30   12. Any and all documents related to costs associated with Defendant's backboards, neck
     stabilization systems and/or back stabilization systems sold during the past five years.

1
2

**RESPONSE**

3
4
5
6
7
8
9
10
11
12
13
14

**Objection.** This request is unduly burdensome, overbroad, and not reasonably limited by time and/or scope. Objecting further, this request seeks documents and/or things that are irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, is not reasonably calculated to lead to the discovery of relevant, material and/or or admissible evidence. Fleming further objects to this request to the extent that it is duplicative of other written discovery to which Fleming has responded and has been interposed solely for the purposes of harassment and is an abuse of discovery. Fleming also objects to the extent that this request seeks documents which were prepared by, at the direction of, at the request of, under the supervision of and/or on behalf of attorneys for Fleming, in anticipation of and/or in preparation for litigation, and as such, are confidential, constitute attorney work product, are subject to the attorney/client privilege, and are not subject to discovery.

15
16
17
18
19
20
21
22
23

Fleming further objects in that some or all of the documents requested constitute proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess, and the production of any such documents would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such documents or things, has not shown that any such documents are relevant, material and/or admissible, and Fleming will not produce any such documents and/or things without an Order of a Court of competent jurisdiction.

24
25
26
27

13. Any and all documents related to suppliers to Defendant and its affiliates related to backboards, neck stabilization systems and/or back stabilization systems for the past five years including addresses, products and quantity supplied by wholesale and retail price and descriptions thereof.

28

**RESPONSE**

29
30

**Objection.** This request is unduly burdensome, overbroad, and not reasonably limited by time and/or scope. Objecting further, this request seeks documents and/or things that are irrelevant, immaterial and inadmissible for purposes of discovery and/or

293707.1

1  trial, is not reasonably calculated to lead to the discovery of relevant, material and/or or
2  admissible evidence. Fleming further objects to this request to the extent that it is
3  duplicative of other written discovery to which Fleming has responded and has been
4  interposed solely for the purposes of harassment and is an abuse of discovery. Fleming
5  also objects to the extent that this request seeks documents which were prepared by, at
6  the direction of, at the request of, under the supervision of and/or on behalf of attorneys
7  for Fleming, in anticipation of and/or in preparation for litigation, and as such, are
8  confidential, constitute attorney work product, are subject to the attorney/client privilege,
9  and are not subject to discovery.

10      Fleming further objects in that some or all of the documents requested constitute
11  proprietary, sensitive and confidential business materials and information, owned by
12  Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view,
13  examine and/or possess, and the production of any such documents would result in
14  material harm to Fleming in the conduct of its business. Fleming further asserts that the
15  Plaintiff has not made any showing of need for any such documents or things, has not
16  shown that any such documents are relevant, material and/or admissible, and Fleming
17  will not produce any such documents and/or things without an Order of a Court of
18  competent jurisdiction.

19      Without waiving said objection and subject thereto, please see attached
20  catalogues. Fleming is conducting a good faith investigation to determine if any
21  documents exist that have not previously been provided to the Defendant and that would
22  be responsive to this request. Other than documents previously produced, Fleming has
23  not located additional documents and further believes that any specific documents
24  requested in this request, not previously produced, were not maintained in the ordinary
25  course of Fleming's business at the time of the request. Fleming reserves the right to
26  supplement this response as and when appropriate.

27
28
29
30

293707.1

1

2    **THE DEFENDANT**
     **FLEMING INDUSTRIES, INC.**

3

4

5    BY: _____
     John J. McCarthy, Esq.

6    Doherty, Wallace, Pillsbury & Murphy, P.C.

7    1414 Main St. 19th Floor
     Springfield, Ma. 01144

8    (413) 733-3111

9    (413) 734-3910 [fax]
     jmccarthy@dwpm.com

10   BBO No.: 328280

11

12

13                    **CERTIFICATION**

14   I, the undersigned, hereby certify that on this second day of MARCH, 2006, I sent a true copy of the

15   foregoing *The Defendant's Response to First Request for Production of Documents of Plaintiff* by Federal

16   Express to

17                    Harris K. Weiner, Esq. (#551981)

18                    Law Office of Jeffrey B. Pine, Esq. PC
                      321 South Main St., Ste 302

19                    Providence, RI 02903

20        Date: March 2, 2006

21                         John J. McCarthy

22

23

24

25

26

27

28

29

30

293707.1

1
2
3
4

# THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### SPRINGFIELD

5  TYRNEL ENTERPRISES, INC.,                    )
6                                               )
7              Plaintiff,                        )
8                                               )
9        v.                                      )          Civil Action # 05-30172-MAP
10                                              )
11  FLEMING INDUSTRIES, INC., d/b/a Iron Duck,   )
12                                              )
13             Defendant.                        )
14

15  **DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORRIES**

16

17     **Objection:**

18          Fleming Industries, Inc., d/b/a Iron Duck, (Fleming) will not be bound by any
19  instructions, definitions, directions or any other similar items which precede, or contain
20  within, or which follow Tyrnel Enterprises, Inc.'s (Tyrnel)  Interrogatories to the
21  Defendant. Fleming will respond to the Interrogatories in accordance with Fed.R.Civ.P.
22  26, Fed.R.Civ.P. 33 and the applicable Local Rules and any order of the Court.
23          Fleming has conducted a good faith investigation in an effort to provide responses
24  to these Interrogatories that are as complete as possible.  These responses are complete
25  and accurate, upon Fleming's information, knowledge and belief, and provide all
26  relevant, material and admissible information in its possession, custody and control,
27  which are non-privileged, not confidential and/or proprietary materials. Fleming reserves
28  the right to supplement these responses, when and if additional, relevant, material,
29  admissible and non-privileged, not confidential and/or proprietary information become
30  known by it and/or is discovered by it.

293708.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

Fleming further objects in that some or all of the information requested constitutes proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess, and the provision of any such information would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such information, has not shown that any such information is relevant, material and/or admissible, and Fleming will not provide any such information without an Order of a Court of competent jurisdiction.

Fleming has not provided information which was created by, on behalf of, at the request of, under the supervision of, and/or at the direction of Fleming's attorneys, in preparation for, and in anticipation of, this litigation and/or which reflect or disclose the mental processes of Fleming's attorneys, which materials constitute attorney work product and are otherwise subject to the attorney/client privilege, are confidential and not subject to discovery.

Fleming will not respond to any interrogatory that seeks to have Fleming draw a legal conclusion. Fleming further objects to Tyrnel's Interrogatories to the Defendant as being onerous, overbroad and constituting an abuse of discovery and Fleming has no obligation to respond and Fleming specifically reserves its rights, pursuant to the Federal Rules of Civil Procedure to refuse to respond to some or all of these Interrogatories and/or to seek appropriate relief from the Court.

**Without waiving any of these objections, and subject thereto, Fleming responds to the Plaintiff's Interrogatories as set forth below.**

1. Please identify the individual or individuals answering these interrogatories and include name, title, date of birth, employment status, address, and job description.

   **ANSWER:**

   Brooke A. Lawrence, Vice President – Sales, Fleming Industries, Chicopee, Ma.

2. Please identify the job responsibilities of Brooke Lawrence, length of his employment with the Defendant and/or its affiliates, job titles he has held and corresponding dates.

   **ANSWER:**

   Mr. Lawrence has been employed by Fleming for approximately 9 ½ years.  His primary job responsibilities involve sales and product development.

3. Please identify Steven Nelson, his title, job responsibilities and dates of employment with the Defendant.

   **ANSWER:**

   We are not familiar with this individual.  Upon information and belief, he has been identified as the partner of Martin Tyrell.

4. Please identify all suppliers to the Defendant and/or its affiliates for backboards, neck stabilization systems and/or back stabilization systems, and components thereof, including dates and quantities supplied and addresses of the suppliers for the past five years.

**ANSWER:**

**OBJECTION:**

This interrogatory seeks information that is irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, and is not reasonable calculated to lead to the discovery of relevance, material and/or admissible evidence. This interrogatory is also overbroad and interposed solely for the purpose of harassment.

Fleming further objects in that some or all of the information requested constitutes proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess, and the provision of any such information would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such information, has not shown that any such information is relevant, material and/or admissible, and Fleming will not provide any such information without an Order of a Court of competent jurisdiction.

Without waiving this objection, and subject to it, the Defendant responds as follows:

Fleming/Iron Duck manufactures its own backboards and straps. The foam products are made by a third party vendor to Fleming's specifications.

5. Please describe the meeting between Brooke Lawrence and Martin Tyrell in May of 2000 and indicate who else attended, what was said by each party, what products were discussed, what future actions were expressly contemplated by the parties, whether prototypes were provided and/or discussed, what problems were discussed related to the backboards, neck stabilization systems and/or back stabilization systems then sold by the Defendant and what agreements were made regarding confidentiality, use of Mr. Tyrell's products and payments by Defendant.

**ANSWER:**

293708.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

Mr. Lawrence does not recall any meeting in May 2000. He does recall a meeting in March 2000. That meeting involved Mr. Tyrell asking Mr. Lawrence if the head restraint system associated with the exemplar "backboard" he brought with him was a product that had a commercial market, and if so, was Fleming Industries interested in adding it to the product line being sold by Fleming through its Iron Duck product line. Mr. Lawrence advised Mr. Tyrell that he did not know if the head restraint had a commercial market. At Mr. Tyrell's request, Fleming agreed to include the head restraint system in some catalogues and to send out some samples to determine if there was any or a sufficient demand for the restraint to continue marketing. There was not. There was no discussion about money because there was no way to determine at the time of the meeting if the restraint was going to have a demand sufficient to keep it in the product line. There may also have been general discussion that if the product showed some sales potential, which it did not, a royalty agreement could be developed. There was nothing unusual or unique about the exemplar "backboard" itself, including any apertures or bars for affixing restraints, so there was never any agreement that Fleming would treat the "backboard" as a "confidential" or "proprietary" invention or development by Mr. Tyrell, nor was there any suggestion or agreement by Fleming that money would be paid to Mr. Tyrell arising out of the exemplar "backboard" or any of its associated features. The only aspect of the items brought to the meeting by Mr. Tyrell that created any interest with Fleming was the use of clips on the straps used with the head restraint, but no market developed for it amongst end users of Fleming's products.

293708.1

6. How many backboards, neck stabilization systems and/or back stabilization systems did Defendant sell in each of the last five calendar years, at what prices and at what costs?

**ANSWER:**

**OBJECTION:**

This interrogatory seeks information that is irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, and is not reasonable calculated to lead to the discovery of relevance, material and/or admissible evidence. This interrogatory is also overbroad and interposed solely for the purpose of harassment.

Fleming further objects in that some or all of the information requested constitutes proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess, and the provision of any such information would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such information, has not shown that any such information is relevant, material and/or admissible, and Fleming will not provide any such information without an Order of a Court of competent jurisdiction.

7. Please describe the Defendant's marketing efforts including but not limited to catalogues, promotional literature, emails, websites, trade shows, solicitations, sales people (in-house), sales representatives, agents and independent contractors and advertising.

**ANSWER:**

Fleming included the head restraint straps with clips in several catalogues, and also produced a number of the straps to provide to distributors, that in turn provided them to their sales force. Fleming does not sell direct.

8. Please describe the Defendant's gross sales for the past five years?

**ANSWER:**

293708.1

1

**OBJECTION:**

2       This interrogatory seeks information that is irrelevant, immaterial and

3   inadmissible for purposes of discovery and/or trial, and is not reasonable calculated to

4   lead to the discovery of relevance, material and/or admissible evidence. This

5   interrogatory is also overbroad and interposed solely for the purpose of harassment.

6       Fleming further objects in that some or all of the information requested constitutes

7   proprietary, sensitive and confidential business materials and information, owned by

8   Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view,

9   examine and/or possess, and the provision of any such information would result in

10   material harm to Fleming in the conduct of its business. Fleming further asserts that the

11   Plaintiff has not made any showing of need for any such information, has not shown that

12   any such information is relevant, material and/or admissible, and Fleming will not

13   provide any such information without an Order of a Court of competent jurisdiction.

14

15   9.   Please describe the Defendants gross sales of backboards, neck stabilization systems

16       and/or back stabilization systems for the past five years.

17

18   **ANSWER:**

19   **OBJECTION:**

20       This interrogatory seeks information that is irrelevant, immaterial and

21   inadmissible for purposes of discovery and/or trial, and is not reasonable calculated to

22   lead to the discovery of relevance, material and/or admissible evidence. This

23   interrogatory is also overbroad and interposed solely for the purpose of harassment.

24       Fleming further objects in that some or all of the information requested constitutes

25   proprietary, sensitive and confidential business materials and information, owned by

26   Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view,

27   examine and/or possess, and the provision of any such information would result in

28   material harm to Fleming in the conduct of its business. Fleming further asserts that the

29   Plaintiff has not made any showing of need for any such information, has not shown that

30

293708.1

any such information is relevant, material and/or admissible, and Fleming will not provide any such information without an Order of a Court of competent jurisdiction.

10. Please describe all communications with Martin Tyrell, Tyrnel Enterprises, Inc. and/or its agents or employees and the Defendant during the past five years including dates of communication, parties involved and form of communication, i.e., email, telephone, in person.

**ANSWER:**

The only communications that Fleming can recall or has any record of, consists of the conversation in March 2000, described above, some written communications which are attached to the Defendant's document response, and letters between lawyers, also attached to the Defendant's document response.

11. Please describe all previous settlement discussions between Martin Tyrell and/or Tyrnel Enterprises, Inc. and the Defendant.

**ANSWER:**

None that Fleming is aware of, except letters to and from lawyers.

12. Please identify any and all experts Defendant plans to call at trial including name, address, curriculum vitae, substance of testimony of said expert, materials reviewed and facts relied upon.

**ANSWER:**

This has not been determined to date and the Defendant reserves the right to supplement this response.

13. Please describe with particularity any and all facts in support of Defendants claim that its

products do not infringe on the Plaintiff's patent.

**ANSWER:**

Fleming does not employ any attorneys and this appears to seek a legal opinion,

which Fleming is not qualified to render. However, it is Fleming's understanding, based

on the material brought to it's office by Mr. Tyrell, that the Plaintiff claims that the back

board, the head restraint and the straps are all products to which the Plaintiff has a patent.

All of those items have been manufactured and sold by manufacturers and distributors,

including Fleming, for decades. There was absolutely nothing new or unusual about Mr.

Tyrell's materials, except perhaps for the use of clips with the head restraint instead of

Velcro or other means. Clips had been used for decades with straps used with body

boards, and the clips are not new and it is Flemings understanding that the Plaintiff does

not claim a patent on the clips. Also, the so-called patent was not applied for until July 9,

2001, over a year from the day that Mr. Tyrell met with Mr. Lawrence as described in

answer number 5, and the application was not approved until August 20, 2002. Fleming

has been informed by its attorneys that the delay in applying for a patent of over a year

from the time of public disclosure precludes the claims made by the Plaintiff in this

matter. Fleming has also been informed by its attorneys that, as a matter of law, the

patent is invalid for a variety of reasons, including the absence of any novel, unique or

new claims contained in the application and patent.

14. Please describe with particularity any and all facts in support of Defendant's claim that

Plaintiff's patent is invalid.

293708.1

**ANSWER:**

Please see the initial objection to the Plaintiff's interrogatories and answer number 13, which are hereby incorporated by reference.

15. Please describe with particularity any and all facts in support of Defendant's claim that Plaintiff's patent is unenforceable.

**ANSWER:**

Please see the initial objection to the Plaintiff's interrogatories and answer number 13, which are hereby incorporated by reference.

16. Please describe with particularity any and all facts in support of Defendant's affirmative defense that Plaintiff's patent is unenforceable by reason of laches, estoppel and unclean hands.

**ANSWER:**

Please see the initial objection to the Plaintiff's interrogatories and answer number 13, which are hereby incorporated by reference.

17. Please describe with particularity any and all facts in support of Defendant's affirmative defense that "Plaintiff is estopped, based on statements, representations and admissions made during prosecution of the patent application resulting in the Patent from asserting any interpretation of any of the patent claims that would be broad enough to cover any of Defendant's products."

293708.1

**ANSWER:**

Please see the initial objection to the Plaintiff's interrogatories and answer number 13, which are hereby incorporated by reference.

18. Please describe with particularity any and all contracts, whether oral or written, between Plaintiff and Defendant including the dates of said contracts, their terms and conditions.

**ANSWER:**

Upon information and belief, none.

19. What is the factual basis for Defendant's assertion that "Martin G. Tyrell agreed that Defendant would market the Invention and catalogues relevant to consumers in the industry. Furthermore, both parties agreed that based upon consumer response, Defendant would decide whether it would sell the Invention and pay a royalty to Martin G. Tyrell"?

**ANSWER:**

The Defendant does not agree or admit that Mr. Tyrell had an "invention". The Defendant's understanding of the possible relationship is based upon Mr. Tyrell's conversation with Mr. Lawrence. Please see interrogatory answer number 5.

20. Who has knowledge of any of the facts underlying this action, where are they employed, what are their titles, length of employment, addresses and scope of knowledge?

**ANSWER:**

Brooke A. Lawrence and Michael Fleming – both employed by Fleming.

293708.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

## Verification

The undersigned is authorized to execute these answers to interrogatories on behalf of the Defendant Fleming Industries, Inc., and states that he does not have personal knowledge of all of the matters set forth in these answers, that the answers were prepared by counsel based upon information supplied by others to the best of their recollection, and that the answers are believed to be true and correct.

Signed under the pains and penalties of perjury this 28th day of February, 2006.

By _____

**AS TO OBJECTIONS:**

_____
John J. McCarthy, Esq.
BBO No. 328280
Doherty, Wallace, Pillsbury & Murphy
1414 Main St., Floor 19
Springfield, MA 01144-1002
(413) 733-3111
(413) 734-3910 [fax]
jmccarthy@dwpm.com

1

2                               **CERTIFICATION**

3    I, the undersigned, hereby certify that on this first day of MARCH, 2006, I sent a true copy of the
4    foregoing *The Defendant's Answer to Plaintiff's First Set of Interrogatories,* via overnight service, to

5                               Harris K. Weiner, Esq. (#551981)
6                               Law Office of Jeffrey B. Pine, Esq. PC
7                               321 South Main St., Ste 302
                                Providence, RI 02903
8    Date: MARCH 1, 2006
9                               John J. McCarthy

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

293708.1