FILED
IN CLERK'S OFFICE

2006 JUN 19 P 1: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD

| | | |
|---|---|---|
| TYRNEL ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action # 05-30172-MAP |
| | ) | |
| FLEMING INDUSTRIES, INC., dba Iron Duck, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1 Plaintiff Tyrnel Enterprises, Inc. hereby moves this Court for an order compelling Fleming Industries, Inc. d/b/a Iron Duck to answer fully the remaining disputed interrogatories in Plaintiff's First Set of Interrogatories and to respond to Requests 5, 12 and 13 from Plaintiff's First Request for Production of Documents. This Court on May 8, 2006 indicated that it would reconsider the following Interrogatories and Requests for Production, which are set forth below.

**Plaintiff's Interrogatory No. 6:**

How many backboards, neck stabilization systems and/or back stabilization systems did Defendant sell in each of the last five calendar years, at what prices and at what costs?

**Defendant's Answer:**
  This interrogatory seeks information that is irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, and is not reasonable calculated to lead to the discovery of relevance, material and/or admissible evidence. This interrogatory is also overbroad and interposed solely for the purpose of harassment.

1

Fleming further objects in that some or all of the information requested constitutes proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess, and the provision of any such information would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such information, has not shown that any such information is relevant, material and/or admissible, and Fleming will not provide any such information without an Order of a Court of competent jurisdiction.

**Plaintiff's Argument:**

Defendant's response is inadequate and unavailing insofar as it ignores the Plaintiff's need for this relevant information. Defendant's sales of infringing products is pertinent to Plaintiff's damages and cannot be obtained from any other source. Absent the information sought regarding sales of the infringing products, Plaintiff cannot prove damages and will be unfairly disadvantaged regarding proof of infringement as this information is in the exclusive control of the Defendant. With respect to confidentiality Plaintiff contests the alleged proprietary nature of this information. If the Court is inclined to protect the sales information from disclosure, the Plaintiff would be willing to enter into a confidentiality agreement regarding the sales information sought.

In Molinaro v. Burnbaum, 1978 U.S. Dist. LEXIS 14201, 201 U.S.P.Q. (BNA) 150 (D. Mass. 1978), the court stated that a successful patent infringement plaintiff is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by infringement. Discovery of damages is warranted in patent infringement cases. Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689 (1933). Sales information is discoverable from a patent infringement defendant notwithstanding claims of confidentiality. Feature Film Services, Inc. v. Arts & Entertainment Network Corp., 1992 U.S. Dist. LEXIS 270 (N.D. Ill. 1992). Moreover, as an indicia of non-obviousness, inquiry into commercial success is relevant. Id. citing Graham v. John Deere Co., 383 U.S. 1, 17 (1966). Thus, damages and liability discovery are inextricably intertwined. Id. Because the burden is on the Plaintiff to prove both liability and damages in a single action, the requested sales information must be disclosed at this time. Since the Defendant has not entered into any previous royalty arrangements, and plaintiff lacks internal proof of losses due to infringement, damages can only be ascertained in this dispute by reference to the Defendant's sales figures for the infringing products.

**Plaintiff's Interrogatory No. 8:**

Please describe the Defendant's gross sales for the past five years?

**Defendant's Answer:**

This interrogatory seeks information that is irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, and is not reasonable calculated to lead to the discovery of relevance, material and/or admissible evidence. This interrogatory is also overbroad and interposed solely for the purpose of harassment.

Fleming further objects in that some or all of the information requested constitutes proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess, and the provision of any such information would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such information, has not show that any such information is relevant, material and/or admissible, and Fleming will not provide any such information without an Order of a Court of competent jurisdiction.

**Plaintiff's Argument:**

This information sought is limited to a relevant five-year time period which follows the first meeting of the parties on March 29, 2000 when they discussed Plaintiff's product under a confidentiality agreement. Defendant's response is inadequate and unavailing insofar as it ignores the Plaintiff's need for this relevant information. Defendant's sales of infringing products is pertinent to Plaintiff's damages and cannot be obtained from any other source. Absent the information sought regarding sales of the infringing products, Plaintiff cannot prove damages and will be unfairly disadvantaged regarding proof of infringement as this information is in the exclusive control of the Defendant. With respect to confidentiality Plaintiff contests the alleged proprietary nature of this information. If the Court is inclined to protect the sales information from disclosure, the Plaintiff would be willing to enter into a confidentiality agreement regarding the sales information sought.

In Molinaro v. Burnbaum, 1978 U.S. Dist. LEXIS 14201, 201 U.S.P.Q. (BNA) 150 (D. Mass. 1978), the court stated that a successful patent infringement plaintiff is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by infringement. Discovery of damages is warranted in patent infringement cases. Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689 (1933). Sales information is discoverable from a patent infringement defendant notwithstanding claims of confidentiality. Feature Film Services, Inc. v. Arts & Entertainment Network Corp., 1992 U.S. Dist. LEXIS 270 (N.D. Ill. 1992). Moreover, as an indicia of non-obviousness, inquiry into commercial success is relevant. Id. citing Graham v. John Deere Co., 383 U.S. 1, 17 (1966). Thus, damages and liability discovery are inextricably intertwined. Id. Because the burden is on the Plaintiff to prove both liability and damages in a single action, the requested sales information must be disclosed at this time. Since the Defendant has not entered into any previous royalty arrangements, and plaintiff lacks internal proof of losses due to infringement, damages can only be ascertained in this dispute by reference to the Defendant's sales figures for the infringing products.

**Plaintiff's Interrogatory No. 9:**

Please describe the Defendants gross sales of backboards, neck stabilization systems and/or back stabilization systems for the past five years.

**Defendant's Answer:**

This interrogatory seeks information that is irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, and is not reasonable calculated to lead to the discovery of relevance, material and/or admissible evidence. This interrogatory is also overbroad and interposed solely for the purpose of harassment.

Fleming further objects in that some or all of the information requested constitutes proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess, and the provision of any such information would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such information, has not show that any such information is relevant, material and/or admissible, and Fleming will not provide any such information without an Order of a Court of competent jurisdiction.

**Plaintiff's Argument:**

This information sought is limited to a relevant five-year time period which follows the first meeting of the parties on March 29, 2000. Defendant's response is inadequate and unavailing insofar as it ignores the Plaintiff's need for this relevant information. Defendant's sales of infringing products is pertinent to Plaintiff's damages and cannot be obtained from any other source. Absent the information sought regarding sales of the infringing products, Plaintiff cannot prove damages and will be unfairly disadvantaged regarding proof of infringement as this information is in the exclusive control of the Defendant. With respect to confidentiality Plaintiff contests the alleged proprietary nature of this information. If the Court is inclined to protect the sales information from disclosure, the Plaintiff would be willing to enter into a confidentiality agreement regarding the sales information sought.

In Molinaro v. Burnbaum, 1978 U.S. Dist. LEXIS 14201, 201 U.S.P.Q. (BNA) 150 (D. Mass. 1978), the court stated that a successful patent infringement plaintiff is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by infringement. Discovery of damages is warranted in patent infringement cases. Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689 (1933). Sales information is discoverable from a patent infringement defendant notwithstanding claims of confidentiality.

Feature FilmServices, Inc. v. Arts & Entertainment Network Corp., 1992 U.S. Dist. LEXIS 270 (N.D. Ill. 1992). Moreover, as an indicia of non-obviousness, inquiry into commercial success is relevant. Id. citing Graham v. John Deere Co., 383 U.S. 1, 17 (1966). Thus, damages and liability discovery are inextricably intertwined. Id. Because the burden is on the Plaintiff to prove both liability and damages in a single action, the requested sales information must be disclosed at this time. Since the Defendant has not entered into any previous royalty arrangements, and plaintiff lacks internal proof of losses due to infringement, damages can only be ascertained in this dispute by reference to the Defendant's sales figures for the infringing products.

All sales after March 29, 2000 are relevant and needed as this was the date of initial, confidential disclosure of Plaintiff's product.

**Requests for Production**

**Plaintiff's Request No. 5:**

Any and all communications by or to the Defendant from third parties concerning backboards, neck stabilization systems and/or back stabilization systems during the past five years.

**Defendant's Answer:**

Objection. This request is unduly burdensome, overbroad, and not reasonably limited by time and/or scope. Objecting further, this request seeks documents and/or things that are irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, is not reasonably calculated to lead to the discovery of relevant, material and/or admissible evidence. Fleming further objects to this request to the extent that it is duplicative of other written discovery to which Fleming has responded and has been interposed solely for the purposes of harassment and is an abuse of discovery. Fleming also objects to the extent that this request seeks documents which were prepared by, at the direction of, at the request of, under the supervision of and/or on behalf of attorneys for Fleming, in anticipation of and/or in preparation for litigation, and as such, are confidential, constitute attorney work product, are subject to the attorney/client privilege, and are not subject to discovery.

Fleming further objects in that some or all of the documents requested constitute proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess. And the production of any such documents would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such documents or things, has not shown that any such documents are relevant, material and/or admissible, and Fleming will not produce any such documents and/or things without an Order of a Court with competent jurisdiction.

**Plaintiff's Argument:**

The request goes to liability as well as damages. The communications may reveal design information including manufacturing specifications borrowed from the Plaintiff, sales information including orders and bills, and other relevant information.

In <u>Molinaro v. Burnbaum</u>, 1978 U.S. Dist. LEXIS 14201, 201 U.S.P.Q. (BNA) 150 (D. Mass. 1978), the court stated that a successful patent infringement plaintiff is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by infringement. Discovery of damages is warranted in patent infringement cases. <u>Sinclair Refining Co. v. Jenkins Petroleum Process Co.</u>, 289 U.S. 689 (1933). Sales information is discoverable from a patent infringement defendant notwithstanding claims of confidentiality. <u>Feature Film Services, Inc. v. Arts & Entertainment Network Corp.</u>, 1992 U.S. Dist. LEXIS 270 (N.D. Ill. 1992). Moreover, as an indicia of non-obviousness, inquiry into commercial success is relevant. <u>Id.</u> citing <u>Graham v. John Deere Co.</u>, 383 U.S. 1, 17 (1966). Thus, damages and liability discovery are inextricably intertwined. <u>Id.</u> Because the burden is on the Plaintiff to prove both liability and damages in a single action, the requested sales information must be disclosed at this time. Since the Defendant has not entered into any previous royalty arrangements, and plaintiff lacks internal proof of losses due to infringement, damages can only be ascertained in this dispute by reference to the Defendant's sales figures for the infringing products.

All sales after March 29, 2000 are relevant and needed as this was the date of initial, confidential disclosure of Plaintiff's product.

**Plaintiff's Request No. 12:**

Any and all documents related to costs associated with Defendant's backboards, neck stabilization systems and/or back stabilization systems sold during the past five years.

**Defendant's Answer:**
Objection. This request is unduly burdensome, overbroad, and not reasonably limited by time and/or scope. Objecting further, this request seeks documents and/or things that are irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, is not reasonably calculated to lead to the discovery of relevant, material and/or admissible evidence. Fleming further objects to this request to the extent that it is duplicative of other written discovery to which Fleming has responded and has been interposed solely for the purposes of harassment and is an abuse of discovery. Fleming also objects to the extent that this request seeks documents which were prepared by, at the direction of, at the request of, under the supervision of and/or on behalf of attorneys for Fleming, in anticipation of and/or in preparation for litigation, and as such, are confidential, constitute attorney work product, are subject to the

attorney/client privilege, and are not subject to discovery.

Fleming further objects in that some or all of the documents requested constitute proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess. And the production of any such documents would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such documents or things, has not shown that any such documents are relevant, material and/or admissible, and Fleming will not produce any such documents and/or things without an Order of a Court with competent jurisdiction.

**Plaintiff's Argument:**

Unless the Defendant concedes that gross sales equal damages, this information sought regarding sales-associated overhead costs is highly relevant to the calculation of damages is unavailable from other sources and is necessary for Plaintiffs *prima facie* case.

In Molinaro v. Burnbaum, 1978 U.S. Dist. LEXIS 14201, 201 U.S.P.Q. (BNA) 150 (D. Mass. 1978), the court stated that a successful patent infringement plaintiff is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by infringement. Discovery of damages is warranted in patent infringement cases. Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689 (1933). Sales information is discoverable from a patent infringement defendant notwithstanding claims of confidentiality. Feature Film Services, Inc. v. Arts & Entertainment Network Corp., 1992 U.S. Dist. LEXIS 270 (N.D. Ill. 1992). Moreover, as an indicia of non-obviousness, inquiry into commercial success is relevant. Id. citing Graham v. John Deere Co., 383 U.S. 1, 17 (1966). Thus, damages and liability discovery are inextricably intertwined. Id. Because the burden is on the Plaintiff to prove both liability and damages in a single action, the requested sales information must be disclosed at this time. Since the Defendant has not entered into any previous royalty arrangements, and plaintiff lacks internal proof of losses due to infringement, damages can only be ascertained in this dispute by reference to the Defendant's sales figures for the infringing products.

Cost information after March 29, 2000 is relevant and needed as this was the date of the initial, confidential disclosure of Plaintiff's product.

**Plaintiff's Request No. 13:**

Any and all documents related to suppliers to Defendant and its affiliates related to backboards, neck stabilization systems and/or back stabilization systems for the past five years including addresses, products and quantity supplied by wholesale and retail price and descriptions thereof.

**Defendant's Answer:**

Objection. This request is unduly burdensome, overbroad, and not reasonably limited by time and/or scope. Objecting further, this request seeks documents and/or things that are irrelevant, immaterial and inadmissible for purposes of discovery and/or trial, is not reasonably calculated to lead to the discovery of relevant, material and/or admissible evidence. Fleming further objects to this request to the extent that it is duplicative of other written discovery to which Fleming has responded and has been interposed solely for the purposes of harassment and is an abuse of discovery. Fleming also objects to the extent that this request seeks documents which were prepared by, at the direction of, at the request of, under the supervision of and/or on behalf of attorneys for Fleming, in anticipation of and/or in preparation for litigation, and as such, are confidential, constitute attorney work product, are subject to the attorney/client privilege, and are not subject to discovery.

Fleming further objects in that some or all of the documents requested constitute proprietary, sensitive and confidential business materials and information, owned by Fleming and to which the Plaintiff, as a competitor of Fleming, has no right to view, examine and/or possess. And the production of any such documents would result in material harm to Fleming in the conduct of its business. Fleming further asserts that the Plaintiff has not made any showing of need for any such documents or things, has not shown that any such documents are relevant, material and/or admissible, and Fleming will not produce any such documents and/or things without an Order of a Court with competent jurisdiction.

**Plaintiff's Argument:**

This is a more detailed measure of sales by product and is discoverable because it is relevant to damages and liability, is unavailable from other sources and is necessary for Plaintiffs *prima facie* case.

In Molinaro v. Burnbaum, 1978 U.S. Dist. LEXIS 14201, 201 U.S.P.Q. (BNA) 150 (D. Mass. 1978), the court stated that a successful patent infringement plaintiff is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by infringement. Discovery of damages is warranted in patent infringement cases. Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689 (1933). Sales information is discoverable from a patent infringement defendant notwithstanding claims of confidentiality. Feature Film Services, Inc. v. Arts & Entertainment Network Corp., 1992 U.S. Dist. LEXIS 270 (N.D. Ill. 1992). Moreover, as an indicia of non-obviousness, inquiry into commercial success is relevant. Id. citing Graham v. John Deere Co., 383 U.S. 1, 17 (1966). Thus, damages and liability discovery are inextricably intertwined. Id. Because the burden is on the Plaintiff to prove both liability and damages in a single action, the requested sales information must be disclosed at this time. Since the Defendant has not entered into any previous royalty arrangements, and plaintiff lacks internal proof of losses due to infringement, damages can only be ascertained in this dispute by reference to the Defendant's sales figures for the infringing products.

8

All sales after March 29, 2000 are relevant and needed as this was the date of initial, confidential disclosure of Plaintiff's product.

Respectfully submitted,
Tyrnel Enterprises, Inc.,
By its Attorneys:

_____
Harris K. Weiner, Esq. (BBO # 551981)
Law Office of Jeffrey B. Pine, Esq. PC
321 South Main St., Ste 302
Providence, RI  02903
401/351-8200 – Telephone
401/351-9032 - Facsimile

## CERTIFICATION

I, the undersigned, hereby certify that on this ___15th___ day of June 2006, I mailed a true copy of the foregoing *Motion to Compel to* John J. McCarthy, Esq., Doherty, Wallace, Pillsbury & Murphy, P.C., One Monarch Place, Suite 1900, 1414 Main Street, Springfield, MA 01144-1900.

_____
Leslie A. Luciano

9