UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD

TYRNEL ENTERPRISES, INC.,            )
    Plaintiff                                   )
                                                     )
v.                                                    )
                                                     )     Civil Action No. 05-30172-MAP
FLEMING INDUSTRIES, INC., d/b/a   )
Iron Duck                                       )
    Defendant

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AN ALTERNATIVE MOTION FOR PROTECTIVE ORDER

    The Defendant Fleming Industries, Inc. d/b/a Iron Duck restates and incorporates by reference the arguments, pleadings and exhibits submitted with its original Opposition to the Plaintiff's Motion to Compel filed with the Court on April 28, 2006.

    The Defendant submits the following in supplementation of the original opposition, and continues to request that if the Court is to allow the Plaintiff's Motion in whole or in part, that the Court order a Protective Order as requested in the Defendant's original Opposition, but which was deemed moot by the Court based on the Court's Rulings on the Plaintiff's initial Motion to Compel (See Electronic Order entered May 8, 2006).

    With respect to the arguments now being made by the Plaintiff in connection with the Defendant's Responses to Interrogatories 6, 8 and 9 and the Defendant's Responses to Requests for Production of Documents 5, 12 and 13, the Plaintiff's argument is identical in each case. Each of the Interrogatories and Requests for Documents seeks disclosure of confidential financial information regarding the Defendant's business. Each argument by the Plaintiff is identical and assumes that merely by filing a Complaint, and making certain allegations, the Plaintiff is entitled to unfettered access to documents and information that the Plaintiff does not deny are confidential and proprietary. The Plaintiff despite having ample opportunity and time to do so, fails to provide the Court with one single item that could be characterized as evidence that supports the Plaintiff's claims, and that contradicts the factual, sworn statements that the Defendant presented in its initial opposition to the Plaintiff's Motion. The Defendant has set forth to the Court, in clear and unambiguous terms, that it never made a sale of the head restraint system demonstrated by Mr. Tyrell and that none of its product underwent any change or metamorphosis as a consequence of any interaction with Mr. Tyrell. The evidence presented is clear that the Defendant was completely unaware of Mr. Tyrell's patent, obtained years after the initial disclosure of the head restraint system by Mr. Tyrell to the Defendant.

316105.1

It is clear that the Plaintiff continues to fail to appreciate and understand, that, under the circumstances of this case, it should be required to produce at least a prima-facie showing of the nature and extent of the alleged infringement and satisfy the Court that it has an enforceable patent as to products that have been integral and unchanged parts of the Defendant's product line for years before Mr. Tyrell and the Plaintiff encountered the Defendant. It is the Defendant's position that unsubstantiated allegations of the Complaint, when clearly and definitively refuted by sworn testimony, is not a sufficient basis to force the Defendant to turn over proprietary and confidential information to a competitor. The arguments made by the Plaintiff in its Memorandum place the proverbial cart before the horse in its reliance on arguments that the information is needed to calculate damages, when the Plaintiff has failed to make even a modest showing of evidence that it would be entitled to damages for products that were either never sold by the Defendant or products that were part of the Defendant's product line for many years before the involvement of Mr. Tyrell or the Plaintiff with the Defendant.

Therefore, the defendant again requests this Court to deny a Motion to Compel, with Prejudice.

DEFENDANT, FLEMING INDUSTRIES,
INC.,d/b/a IRON DUCK
BY ITS ATTORNEY


Dated:               By    /s/ John J. McCarthy
                           John J. McCarthy, Esquire
                           Doherty, Wallace, Pillsbury & Murphy, P.C.
                           One Monarch Place
                           1414 Main Street, 19th Floor
                           Springfield, Massachusetts, 01144-1900
                           Phone: (413) 733-3111
                           Fax: (413) 734-3910
                           B.B.O. Number 328280

**CERTIFICATE OF SERVICE**

316105.1

     I, John J. McCarthy, Esquire, hereby certify that I served a copy of the foregoing on the Plaintiff by mailing a copy of the same postage prepaid to:

Robert Salter  
321 South Main Street 5th Floor  
Providence, RI  02903

Harris K. Weiner  
Law Office of Jeffrey B. Pine, P.C.  
321 South Main Street Suite 302  
Providence, RI  02903.

     Dated:                                                    /s/ John J. McCarthy  
                                                                         John J. McCarthy, Esquire

316105.1